Daniel Alban is here for the Appellant Moore. Secrete Sneed is here for the United States. Mr. Alban, you may begin when you're ready. Mr. Alban, you may begin when you're ready. Good morning. Dan Alban for Appellant Brian Moore Jr. CAFRA's mandatory attorney fee provision was designed to protect people like Brian Moore. Reviewing the legislative history, this circuit recognized in U.S. v. Certain Real Property that CAFRA's fee shifting was designed to make claimants whole for their efforts to recover their property by awarding fees when they substantially prevail. Brian didn't just substantially prevail, he completely prevailed. After his $8,500 was seized by DEA agents at the Atlanta airport, Brian hired attorneys to get his money back. And after a year of litigation, they succeeded. Following discovery and the two dispositive motions pending, the government asked the court to dismiss the case with prejudice under Rule 41A2. So just to clarify, the two dispositive motions were still pending. You never got a district court ruling on those, correct? That is correct, Your Honor. The relevant district court ruling here is the word dismissing the case with prejudice, which also ordered that all of Brian's cash be returned. So it were two legal remedies that Brian was not entitled to prior to that order being entered. It ordered his money to be returned. He had a right to recover the money. It ordered the case dismissed with prejudice, which immunized Brian against further forfeiture suits for that month. Can I ask you a question? I think a lot of what you're arguing makes a lot of sense. But here's my question. Is it your position then that in every CAFRA case where the government dismisses with prejudice, the defendant, the owner of the property, is entitled to fees? And if so, do you have any concern that that's going to make it less likely for the government to dismiss in cases when, you know, just out of sort of a concern that it could win the case, even though it might decide that it might not be the best use of judicial resources but they've already started and they don't want to have to pay fees, so why not continue to press it? So the short answer to your question, Your Honor, is yes. When a case is dismissed with prejudice, a CAFRA case, a forfeiture case, then a claimant is entitled to reasonable attorney's fees. Now, I think it's important to note for sure that it is not the government voluntarily dismissing. It's the government moving to voluntarily dismiss the case. In a 41A2 dismissal, the court has to approve that dismissal. Right, right. So let's separate out the 41A dismissals. Let's say the government moves for or goes ahead and files, and then before the defendant responds, then the government dismisses with prejudice. That might be a different situation. Would you agree? That might be the only issue, Your Honor. Okay. So we're talking about only in the 41A2 situations, and it's your position then that every single time the government voluntarily dismisses with prejudice in the 41A2 situation that the defendant, that the owner of the property is entitled to fees. Yes, Your Honor, and I'll address the policy concerns that you raised in just a moment, but I think it's important to recognize that a 41A2 dismissal is done on terms that the court considers proper. So the court decides whether the dismissal is with or without prejudice. It can deny the government's motion to dismiss. It can modify that order based on violations of either our claim or the corresponding views of the case. But when it dismisses the case with prejudice, that is a judicially sanctioned material alteration of the legal relationship between the parties, and that is all that is required to prevail in a CAFRA case. All right, let me ask you this question. I do want you to address the policy issue also, but is there a way on this record to find in a principled way that he is entitled, that he substantially prevailed without making a rule that in every single 41A2 dismissal case of this type that necessarily the owner of the property is entitled to attorney's fees? I think in this case, Your Honor, if the court had decided that a dismissal with prejudice was improper for some reason, it could have still issued an order dismissing the case without prejudice and saying nonetheless he was substantially prevailed for the purposes of CAFRA attorney's fees. So that would have been a possible solution, but that was not the path that the court chose. So I guess I'm asking a different question. Let me see if I can. Is there something about the facts of this case that are unique that show that he substantially prevailed, even if we determine that the mere entry of an order under 41A2 is not per se a substantial prevailing? In other words, are there facts that you can point to that he otherwise substantially prevailed? Well, yes, Your Honor. He obtained two types of relief. The government was ordered to return his property. That was part of the order dismissing the case, and the case was dismissed with prejudice. Each of those is an independent, judicially sanctioned material alteration of the legal relationship between the parties. So even if the case had not been dismissed with prejudice, he still would have obtained the order directing the government to return his property, a right to receive his property back. If I could address the policy concerns you raised, Your Honor, yes, it is possible that it may lead to the government reducing the number of cases that it dismisses with prejudice. That's certainly possible. It's also possible that it will reduce the number of cases that are filed for which there is not much of a factual record supporting the forfeiture. Congress took these considerations into account when it designed CAFRA's fee-shifting provision, and it did not include language suggesting that the claim needed to show that the government's position was not substantially justified or anything else. Congress instead determined that someone who substantially prevailed was entitled to attorney's fees, and that's because of the concerns that came up in the legislative history documented in the House Judiciary Report where they expressed serious concerns about people being unable to defend their property because they couldn't afford to do so. The report expressed concerns that many civil seizures are not challenged due to the costs involved in challenging them. The two examples provided in that legislative history, Your Honor, are cases quite similar to Brian's, one involving a gentleman named Willie Jones who had $9,000 at the Nashville airport and had his money seized by DEA as he was trying to fly to make purchases for his nursery business. And in that case, he was unable to contest the forfeiture because he could not afford the 10% bond that at that time was required for someone to challenge a forfeiture. That is the animating concern behind CAFRA and the fee-shifting provision. This case is a little different than the other cases that you're citing and that you're relying on. In this particular case, the government is moving to voluntarily dismiss, not because they're saying we're wrong and you're right. The reason that they're moving to voluntarily dismiss the case is in order to decrease their costs. So why doesn't that circumstance distinguish this case from the cases that you're relying on? Well, I don't think those cases are distinguishable, Your Honor, but the fact that the government decided to cut his money. But why isn't that important, though? In other words, the government's not saying, you know, we're conceding, you're right, and we're wrong. We just want to decrease our costs. We don't want our costs, our attorney's fee costs, to go up. I understand that that is the government's stated reason, Your Honor, but nonetheless, Brian incurred costs, his attorney's fees, in litigating the case for over a year by going through discovery, by filing two dispositive motions. And so the fact that they don't want to go beyond what they've already done in terms of the work in the case, though. I understand that that's the government's position, Your Honor. But this Court and the district court should not give the government a get-out-of-fees-free card when an army decides they don't want to spend the time litigating against a claimant who decides to fight back. The government knew from the very get-go that there was only $8,500 at stake in this case. They also knew it was probably very unlikely that Brian would be able to retain counsel. In this case, he was able to retain counsel. And so he was able to contest the seizure of his property vigorously. But should Brian be permitted to continue the litigation in order to increase the attorney's fees that his lawyer is going to get at the end of the case? He did not seek to continue the litigation, Your Honor. He acquiesced to the dismissal with prejudice but sought sort of conditionally an additional ruling that he had substantially prevailed. But once the government decided it wanted to voluntarily dismiss with prejudice, he did not oppose that dismissal. I mean, there are some. Go ahead. Well, I guess I just want to clarify something. I thought initially it wasn't so much that the government opposed fees but just the amount of fees. Is that incorrect on my part? That is correct, Your Honor. The court's order in this case was sua sponte. And the court's order in this case is the only decision that we can find anywhere in the country where a court denied fees to a CAFRA claimant who obtained a dismissal with prejudice. And that, I think, illustrates how the district court erred. It erred by misapplying the Buchanan test that's used to determine whether someone is a prevailing party. Now, of course, that test asks whether there's a material alteration in the legal relationship between the parties and whether that alteration was judicially sanctioned. The district court held that there was no material alteration because the court had never addressed the substantive merits of Ryan's claim. And the dismissal of the case was a government's voluntary change, not a judicially sanctioned change in the legal relationship. But that was wrong under both the statutory text of the CAFRA fees provision and under Buchanan. And the government recognizes that it's true. Well, I think the government, I think we'll hear from them when they come up. But I think they agree that in order to substantially prevail, the court doesn't have to reach the merits. Correct. And that is correct, Your Honor. And it's correct under Buchanan. It's correct under CRST-VAN. Now, as to whether a voluntary dismissal changes the applicability of Buchanan, it does not. Because, as I was discussing with Judge Rosenbaum, the dismissal under 4892 is available only by court order, by terms the court considers proper. So there is a judicial imprimatur on a dismissal with prejudice. And here the court did not just dismiss the case with prejudice. It also ordered that Ryan's property be returned. Both of those are judicially enforceable exercises of judicial discretion. All right. We have your argument, Mr. Alban. Ms. Sneed. Thank you, Your Honor. May it please the court, good morning. Assistant United States Attorney, Secret Sneed, on behalf of the appellee, United States of America. The district court did not abuse its discretion when it found that the claimant did not substantially prevail and therefore was not entitled to attorney's fees under CAFRA. So my question, when we talk about substantially prevail as counsel on the other side, he got his money back and the case went away. How is that not a win for Mr. Moore? Yes, Your Honor. This circuit actually addressed a situation analogous to this, and it's an unpublished decision. But in that case, this court held that the plaintiff did not prevail when the government gave back its money. And here the district court did not actually order the return of the funds. The district court just granted the government's dismissal. The government said that it was going to return the funds and ask that the case be voluntarily dismissed, and the district court ordered that dismissal. But there was nothing in the actual order itself that said government return those funds. Well, is that the best that you have, an unbinding, unpublished decision? Evans? Is that the best that you have, an unbinding, unpublished decision? Evans? Besides Evans, Your Honor, there's also the Eleventh Circuit's decision in Dionne, which is published. It's under the FLSA, the Fair Labor Standards Act. And in that case, the court also held that there, because the defendant actually gave back the—he paid the plaintiff the money that the plaintiff claimed he was owed, and then the defendant asked for the court to dismiss the case with prejudice, and the court did so. The court held that the plaintiff was not—did not substantially prevail. And under the FLSA, it's the same statutory language as ever. Well, this is a different statute. So let me ask you this now. The government concedes that the court doesn't have to reach the merits of the claim in order for the claimant to substantially prevail. Is that right? Is the government making that concession? That's right, Your Honor. Under Buchanan. Okay. So that's out. The merits are out, right? So it seems to me when you look at our case law, when you look at our authority, there are two things that have to take place in order for the claimant to substantially prevail. Number one, there has to be a change in the relationship between the parties, which we clearly have here, number one. But it seems like what we're arguing about is whether or not the imprimatur of the court is placed on the dismissal. And it seems to me the imprimatur of the court is placed on the dismissal if the court has to grant or deny the motion to begin with, right? That's right. So how is the imprimatur of the court not on the dismissal? It has to grant or deny the motion to dismiss. It has to be a judicially sanctioned change of the relationship of the parties. The judge has to grant or deny the motion. Why isn't that the end of the matter? That is not the end of the discussion here, Your Honor, because the government contends there was no change in the relationship of the parties. But how can that be, right? I mean, you all had the money. You had $8,500. And then after you agree to voluntarily dismiss with prejudice and the district court grants the motion and orders the return of the property, now the owner of the property, Mr. Moore, has the $8,500. And there's no way that you can take it back because you've dismissed with prejudice. So why isn't that a judicially sanctioned change in the nature of the relationship? Buckhannon tells us it must be something more than voluntary conduct by the government that creates this change of the relationship. Otherwise, we go back to the catalyst theory. So under Buckhannon — But under — okay, so here's the problem, right? Because then the way that I'm understanding what you're arguing is that any time the government voluntarily dismisses and turns over property or whatever, it can never qualify under CAFRA for attorney's fees because it can never qualify as substantially prevailing on the part of the owner of the property. Am I missing something there? The government's not advocating that, Your Honor. In this particular case, the district court looked at the government's motion, it looked at the record, and it found that the claimant did not substantially prevail. So on this case, on these facts, the district court, in its discretion, decided that — But, I mean, it seems like maybe the district court was wrong. I guess what I'm asking you for is you say that you're not advocating the position that a — the owner of property that is returned after the government voluntarily dismisses with prejudice and the court enters an order requiring that the government turn the property over, that you're not saying that that can never be a situation of the defendant not substantially prevailing, right? In other words, you're not saying it's a per se rule. So what else did he have to do in order to substantially prevail in the government's view? In the government's view, for the claimant to have substantially prevailed in this case, as Buckhannon tells us, there needed to be an adjudication on the merits or a court-ordered settlement agreement. Neither one of those took place here. Here, the government asked the court to dismiss with prejudice for pure practical reasons to conserve judicial resources. There is nothing in the record at all to indicate that the government believed that its action was unmeritorious or that it would receive a disfavorable ruling on the motion to suppress. But the problem is you have Mr. Moore, who lost his $8,500 for a significant amount of time. And I guess my first question is, did he receive any interest on that? It's just $8,500 taken, $8,500 taken, $8,500 returned. Your Honor, I believe the record does not reflect this, but I'll tell you outside of the record that it is the policy in the 11th Circuit to return interest. Okay. And so now he's also hired an attorney. Maybe there was a retainer. Maybe it's not some kind of contingency. He's paying out of pocket regularly. How is that legal, let alone fair, that you've had someone who's had to defend themselves, and at the end of the day the government gets to decide for whatever reason that it doesn't want to continue with the lawsuit, and yet that defendant is just or that person is just out of the resources that it expended, now for no reason at all at the end of the day? Your Honor, I would submit to you to the court that the record shows that the defendant was not out of his money for no reason at all. The record does reflect that the government had a reasonable basis to file the civil forfeiture complaint. The record reflects that the government did try to settle the case very early on, and the claimant decided to continue the litigation. At some point, the record reflects that the government decided it just was an inefficient use of resources and court time for the government to go through. Yeah, so he's really going to lose money. If he doesn't win, he just loses money, right? And I thought the objective of the statute was to make the claimant whole, in that Congress said this is why we're passing this statute, in order to make the claimant whole. So if we accept the government's argument he's got to go out and hire a lawyer to represent him, he's going to end up with less than $8,500 in his pocket. The purpose of CAFRA, among many other things, is to give property owners an opportunity to challenge forfeiture and to protect innocent property owners. There is nothing in the record to show that the claimant is an innocent property owner, which is why the government— On the other hand, the government—and I understand that at some point it becomes silly, right, to chase $8,500 if it's going to cost all this time and energy, plus the court's time and energy. But even so, the reason that we don't know for certain whether he's an innocent owner is because the government dismissed its case with prejudice, right? I mean, the government could have chosen to go through the whole thing. He had already filed—you know, he had filed to suppress the search. He had sought and had scheduled an evidentiary hearing. He had filed for summary judgment. He had filed interrogatories. I mean, he had put a lot of legal effort into the case to show that he was an innocent owner. And, you know, granted, I agree with you that all the inconsistencies in the answers to the questions suggest something might have been going on, although we don't know what. Even so, the reason that we don't know whether he was an innocent owner is because the government made the decision to dismiss with prejudice. He didn't make that decision. That's right, Your Honor. But under Buckhannon, the Supreme Court told us that it's not just an adjudication on the merits, but it's also a court-ordered settlement agreement. And I believe also in Buckhannon the court noted that sometimes in settlement agreements there is no admission of liability by the defendant, meaning that there is no prevailing party in the very layman sense of the word. Why didn't the government just dismiss without prejudice and we wouldn't be here, would we? The record reflects that the government moved to dismiss with prejudice. The government goofed. Well, Your Honor, the record reflects that we moved to dismiss with prejudice for practical reasons, and that's what the record shows us. By advocating for a bright-line rule that a claimant is automatically entitled to attorney's fees under CAFRA, any time the government moves to dismiss with prejudice, the claimant seeks to strip the district court of its broad discretion to determine attorney's fees, a legal position that has no support in the text of CAFRA or in this circuit's precedent. The claimant's proposed regime also would disincentivize the government from doing what should be done, as Judge Rosenbaum discussed with the claimant earlier. Here, that's taking into account judicial resources and the small amount of disputed funds. Aren't there other protections to prevent the government from forcing someone to continue with an action when the government internally has already decided it's not in the best interest of the public, or as you said, resources, whether judicial or on the other executive's part? It just seems like that concern is something that we shouldn't be concerned about if the government is moving forward in an ethical way. The other alternative steps that the government could have taken would have been to settle, because the government did believe this was a meritorious case. So we have a situation where the government believes it's a meritorious case, but we have a suppression hearing coming up and then potentially a trial, if the government prevails on the motion to suppress, over a small sum of money. So at some point, the government has to decide what is the best use of the court's time and the government's resources. And if the government had made that decision early on in its investigation, then perhaps the attorney's fees are something that Mr. Moore would have been willing or would have been reasonable for him to just waive or lose. But the government allowed for all of this discovery, the dispositive motions, et cetera, and waited a significant amount of time while those attorney's fees were accruing. So would you agree that the timing of the government's decision might make a difference in terms of the bright-line rule that you are opposing here? I do not agree that the timing in this case is what should affect the analysis, because the record reflects that the government did try to settle this case immediately after the claimant appeared in the action, and then tried to settle it again after the motion to suppress was filed. So the government did try to take steps to reduce its fees, which is what the district court noted in the denial of the motion for attorney's fees, which appeared to be part of the reason why the district court denied the attorney's fees in its discretion. Would another solution have been, I mean, we're talking about reasonable attorney's fees. Why wouldn't it have been reasonable for the court to find that he substantially prevailed and then just make a determination of what it thought was reasonable under the circumstances? The district court cited Buckhannon, Dionne, and Evans, the two 11th Circuit cases that I discussed earlier, in finding that the claimant did not substantially prevail. So the government agrees with the district court that those cases here show. I guess I'm asking a different question. My question is, if your concern or if the district court's concern was that Mr. Moore had unnecessarily incurred a lot of attorney's fees, why wouldn't the answer to that be to determine under the circumstances where the court ordered the return of the money and you all voluntarily dismissed with prejudice that he substantially prevailed and that it was going to address what the proper amount or appropriate amount of reasonable attorney's fees would be and address it that way? I see my time has expired. If I have leave to answer the court's question.  The district court found that, based on the reasons offered by the government, that this was a purely practical reason for not going forward, that that was the reason why the court found that the claimant did not substantially prevail. That, on top of the fact that there was no adjudication on the merits, the district court did not order the government to release the claimant, the claimant did not get any sort of relief from the court itself besides the dismissal. So unless the court has... I'm sorry, can I ask one more? There was no order from the district court to return the funds? The order to dismiss, it just grants the government's motion. There is nothing in the text of the order to dismiss that orders the government to return the funds. That's right, Your Honor. The government will rest on its brief and urgent duty. Had you said, though, in your motion to dismiss that you would return the money? Yes, Your Honor. So it was sort of blessing that, if you would. Is that fair to say? There is nothing in the text of the order. I think it's fair for the court to say that, but if we're looking at the text of the order itself, which the decisions seem to look at, when they're deciding whether the court mandated a judicially sanctioned change of the party's legal relationships, there's nothing in the text itself that orders the government to take some action, and I would direct the court to the Evans decision. May I ask the court to confirm?  Thank you. All right. Thank you, counsel. And, Mr. Alban, you've reserved some time for rebuttal. And let me ask you this question, Mr. Alban. Yes, Your Honor. Can we decide this case in your favor without a bright-line rule that a claimant substantially prevails whenever there's a Rule 41 dismissal with prejudice? Yes, Your Honor. You can decide. How would we do that? Based on the other matter in the order, which is the order of the return of attorney's fees. I'll read from the order dismissing the case. It says, this is the court giving its reasoning for why it's granting the government's motion to dismiss. Lastly, the dismissal of this action will result in the return of the defendant currency to claimant, which is the relief sought by a claimant. And then the court orders the dismissal. A necessary consequence of a dismissal with prejudice in a forgery case when the money has not yet been returned is the return of the money. The court recognized that in its order and then ordered the dismissal. I heard my friend say that the court exercises broad discretion to determine attorney's fees under CAFRA. But CAFRA is not a discretionary fee statute. CAFRA is a mandatory fee statute. It says when the claimant substantially prevails, the United States shall be liable for reasonable return of fees and other litigation costs. What about, and I'm sorry to interrupt, but what about the government's argument that Buckhannon limits the determination that a party has substantially prevailed to when the party obtains an enforceable judgment on the merits, which obviously we don't have, or a court-ordered consent decree, and that this is neither? How do you respond to that? Does Buckhannon, in your view, limit substantially prevailing party status to just those two circumstances? No, Your Honor, it does not. Those are two examples provided by the Buckhannon court in which a plaintiff can prevail and be awarded attorney's fees. But this is not a situation. Your Honor, he's not in the shoes of a plaintiff here. He's in the shoes of a defendant as a claimant defending his property. And in the C.R.S.T. Vann case, the Supreme Court explained that a defendant, or a claimant in this case, has a different objective than a plaintiff and that they can prevail, the defendant may prevail, even if the court's final judgment rejects the plaintiff's claim for a non-merits reason. Here, the case was dismissed for non-merits reasons. That's fine, but it was dismissed with a judicial report that ordered both a return of the property and a dismissal with prejudice. And what I heard the government argue is essentially asking this court to upend the presumption of innocence and presume that Brian is not entitled to fees unless he was able to prove his innocence in court. Of course, he wasn't able to do that because while he had two pending dispositive motions, the government threw in the towel and said that we want to dismiss with prejudice. Brian didn't oppose that because he wanted his money back, but he did ask for a ruling that he substantially prevailed. The court declined to do that and that was inerrant because the very purpose of capital attorneys' fees provision was to make whole owners of property who sought the return of that property and earned fees and costs in doing so. But isn't that also at least imply and also does not unreasonably delay the litigation when the government offers, as Counselor has indicated, at least once if not twice to wrap this case up early on? Your Honor, I think it's perfectly reasonable for someone whose property has been seized and for which the government ceased to forfeit that property to not accept a settlement offer except for the full return of the property. If the government had offered a full return of the property, I'm sure Brian would have been happy to accept it at a much earlier stage. But the government can't say, well, we offer a 50-50 settlement and therefore Brian is at fault for contesting it. He had a great right to defend his property. He did so here and he did so under the understanding that capital would cover his attorneys' fees if he prevailed. He did prevail. He couldn't have more fully prevailed and that's why he's entitled to a petition, Your Honor. Thank you. Thank you, Mr. Alban and Ms. Sneed.